```
             UNITED STATES DISTRICT COURT
                      FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

DEANTE DRAKE,                   :
                                :
      Petitioner              :    No. 1:16-CV-01034
                                :
  vs.                          :    (Judge Kane)
                                :
WARDEN OF ALLENWOOD LOW,        :
                                :
      Respondent              :

### MEMORANDUM

### Background

      Deante Drake, a federal inmate presently confined at the Allenwood Federal Correctional Complex, White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he names the warden of that facility as the Respondent. (Doc. No. 1, Drake's Petition.)  Drake has filed two prior § 2241 petitions in this court.[1]  In the present petition, he is attacking the same conviction which was the subject of those prior petitions.  The court will take judicial notice of those prior proceedings and the facts elicited therein.

      Like the prior petition, the allegations of the present petition are vague. Drake indicates in the body of his petition that he was indicted of drug offenses in 2007 and entered a plea of guilty.  His petition does not specify when he was sentenced, the sentence he received, or what actions he took to challenge the

---

1. See Drake v. Warden of F.C.I. Schuylkill, Civil No. 1:15-CV-00866 (M.D. Pa. filed May 5, 2015); Drake v. Warden - Allenwood, Civil No. 1:16-CV-00542 (M.D. Pa. filed March 30, 2016).

conviction. It is only the attachments to the petition which reveal that he entered a plea of guilty in the United States District Court for the Northern District of West Virginia to drug offenses. (Id. at 60-73.) Drake claims that he is entitled to relief because of newly discovered evidence.(Id. at 1-11.) Drake paid the $5.00 filing fee.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.[2] For the reasons set forth below, the petition will be dismissed summarily.

**Discussion**

The docket of the United States District Court for the Northern District of West Virginia reveals that on June 5, 2007, a five-count indictment was filed against Drake and others charging the defendants, inter alia, with distributing cocaine base. Indictment, United States v. Drake, 1:07-CR-00053-IMK-JES-1 (N.D.W.Va. June 5, 2007), ECF No. 14 (PACER).[3] On January 9,

---

2. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

3. The court docket for this case was accessed using the Public Access to Court Electronic Records (PACER) which is an electronic database of United States federal court documents. A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes
(continued...)

2008, Drake plead guilty to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base. Order Adopting Report and Recommendation [DKT. No. 7], Overruling Objections [DKT. No. 10], Denying § 2255 Motion [DKT. No. 1], and Dismissing Case with Prejudice, United States v. Drake, No. 1:07-CR-00053-IMK-JES-1 (N.D.W.Va. February 6, 2015), ECF No. 357(PACER). Drake entered the guilty plea pursuant to a plea agreement which stipulated that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines and that his relevant conduct involved between 50 and 150 grams of cocaine base. Id. Drake also waived his right to a direct appeal of any sentence imposed or to collaterally attack his sentence. Id. On May 12, 2008, the district court in Virginia, the Honorable Irene M. Keeley, sentenced Drake to 292 months of imprisonment, the lowest end of the applicable guideline range, followed by five years supervised release. Id. Drake appealed to the Court of Appeals for the Fourth Circuit, and his appeal was denied. Id. Drake filed his first §2255 motion on August 28, 2009. United States v. Drake, No. 1:07-CR-00053-IMK-JES-1 (N.D.W.Va. Aug. 28, 2009) ECF No. 223(PACER). The district court dismissed that motion on March 21, 2011. ECF No. 251. Drake filed an appeal to the Court of Appeals for the 4th Circuit which was dismissed on

---

3. (...continued)
v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

February 13, 2012. ECF No. 267.  On November 22,2013, Drake filed a second § 2255 motion, in which he asked the district court to overturn his conviction in light of the decision of the Supreme Court in Descamps v. United States, supra, because he was "actually innocent" of the "aggravated crime" of being a career offender. ECF No. 308. The district court on February 6, 2015, dismissed that petition as a second or successive § 2255 motion and because Drake did not seek permission from the Court of Appeals for the 4th Circuit to file it. ECF No. 357.  The district court denied a certificate of appealability. Id.  A motion for reconsideration was denied on March 2, 2015. ECF. No. 361. Drake filed an appeal to the Court of Appeals for the 4th Circuit and on August 24, 2015, the Court of Appeals denied a certificate of appealability and dismissed the appeal. ECF. No. 373.

  A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam), cert. denied, 409 U.S. 1046 (1972).

  In Drake's third petition filed in this court, Drake clearly maintains that his federal conviction violates his federal

statutory and constitutional rights.  Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced.  Drake is challenging his conviction on the basis of newly discovered evidence.  This is the type of claim which should be presented to the court that sentenced Drake.[4]

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'"  <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting <u>United States ex rel. Lequillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)).  It has

---

4. Drake's arguments regarding newly discovered evidence are vague and rambling and appear to be based on conduct by federal agents in obtaining and executing a search warrant. However, any constitutional claims relating to the obtaining of evidence or the execution of a search warrant were waived when Drake entered a plea of guilty.

5

been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added), cert. denied, 479 U.S. 993 (1986).

It is the petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Drake has not met this burden. At best under the present circumstances Drake may demonstrate a personal inability to utilize the § 2255 remedy, but he does not establish the inadequacy or ineffectiveness of the remedy itself. See Jeffers v. Holland, Civil No. 97-1203, (M.D. Pa. Nov. 7, 1997) (Conaboy, J.); Berry v. Lamer, Civil No. 96-1678, slip op at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submissions shall be filed or entertained in his case, did not render his remedy by way of § 2255 motion

inadequate or ineffective); <u>Holland v. Harding</u>, Civil No. 95-0870, <u>slip op</u> at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.)(holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by § 2255 motion is waived does not render a § 2255 motion inadequate or ineffective); <u>see also</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second § 2255 petition without prejudice to petitioner filing a § 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

The legislative limitations on successive § 2255 proceedings do not render the remedy either inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction. That Congress did not intend such a result is made manifest by 28 U.S.C. § 2244(a), which provides that no district judge "shall be required to entertain an application for a writ of habeas corpus to inquire into the

detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255." As noted above, § 2255 authorizes a district court to consider a habeas corpus petition of a federal prisoner only if the § 2255 motion is inadequate or ineffective. Clearly in view of the fact that Drake has already filed a § 2255 motion regarding his conviction, that remedy has proven to be an affective and adequate means for him to challenge the legality of his detention.

      Thus, the court will dismiss Drake's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right Drake may have to seek leave to file a successive § 2255 motion in the sentencing court.

      Finally, Drake is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

      An appropriate order will be entered.